#26827-a-GAS
**2014 S.D. 37**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

DAKOTA FIRE INSURANCE
COMPANY,                                         Plaintiff and Appellant,

v.

J&J MCNEIL, LLC,                                  Defendant and Appellee,

and

HARRIS BANK,                                      Intervenor, Defendant
                                                  and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
LINCOLN COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JOSEPH NEILES
Judge

\* \* \* \*

DOUGLAS M. DEIBERT
Cadwell, Sanford, Deibert
 & Garry LLP
Sioux Falls, South Dakota                         Attorneys for appellant.

JOHN P. MULLEN
PAUL W. TSCHETTER
Boyce, Greenfield, Pashby & Welk, LLP
Sioux Falls, South Dakota                         Attorneys for appellees.

\* \* \* \*

                                                  CONSIDERED ON BRIEFS
                                                  ON MAY 27, 2014
                                                  OPINION FILED **06/25/14**

#26827

SEVERSON, Justice

[¶1.]          John McNeil (McNeil), a member of J&J McNeil, LLC (the LLC),
damaged his personal property while conducting work for the LLC.  McNeil sought
insurance coverage from the LLC's commercial general liability insurer, Dakota
Fire Insurance Company (Dakota Fire).  Dakota Fire initiated a declaratory
judgment action seeking determination of whether the insurance policy creates a
duty to pay McNeil's claim.  The circuit court held the policy provided coverage.  We
affirm.

## Background

[¶2.]          At all times relevant to this action, McNeil owned and operated the
LLC, an excavation and snow-removal company.[1]  Along with his home, McNeil's
property included a large shed which was used primarily to store the LLC's
equipment.  The LLC owned a number of vehicles, including a 93-foot Caterpillar
scraper (scraper).  McNeil also owned a number of vehicles personally, including a
2008 Shelby GT (Shelby), which was subject to the perfected security interest of
Harris Bank.  During the summer months, McNeil stored the Shelby in the garage
attached to his home.  During the winter months, McNeil stored the Shelby in the
nearby shed, freeing up room in his garage.  The Shelby was wholly maintained by
McNeil's personal funds and had no business purpose.

[¶3.]          In the early hours of November 13, 2008, McNeil needed to service the
scraper and mobilize it for a commercial development project.  In order to service
the scraper, it needed to be moved inside the shed.  Although usually parked out of

_____

1.          McNeil and his wife each owned a 50% membership interest in the LLC.

the way in the back of the shed, the Shelby was parked in a manner that interfered with the scraper's entrance. McNeil moved the Shelby out of the shed and parked it adjacent to the shed's exterior, allowing him to pull the scraper into the shed. After servicing the scraper, it was ready for mobilization. Prior to backing the scraper out of the shed and unbeknownst to McNeil, the Shelby, which had a manual transmission, rolled down the incline outside of the shed before coming to rest outside of the shed's garage door. When McNeil backed the 605 horsepower, 93-foot-long Caterpillar Challenger out of the shed, he did not see the Shelby and drove over it. The impact from the seven-and-a-half-foot tires effectively destroyed the Shelby.

[¶4.] McNeil made an insurance claim against the LLC's commercial general liability insurer, Dakota Fire, for the damage caused to his Shelby. In response, Dakota Fire brought a declaratory judgment action seeking determination of whether the insurance policy creates a duty to pay McNeil's insurance claim. Harris Bank, as the secured party, intervened. McNeil has since assigned all of his interest in this litigation to Harris Bank.

[¶5.] The circuit court found that McNeil was acting in his individual capacity while operating the Shelby and was acting in the LLC's capacity when he mobilized the scraper. Consequently, the circuit court concluded that Dakota Fire failed to establish application of the policy's exclusions. Dakota Fire appeals the circuit court's ruling.

**Standard of Review**

[¶6.] "We review declaratory judgments as we would any other order, judgment, or decree." *Hanson Farm Mut. Ins. Co. of S.D. v. Degen*, 2013 S.D. 29, ¶ 14, 829 N.W.2d 474, 477-78 (citations omitted). Findings of fact are reviewed for clear error and conclusions of law, including the interpretation of insurance contracts, are reviewed de novo. *Id.*, 829 N.W.2d at 478 (citations omitted).

**Decision**

[¶7.] We construe an insurance contract's language "according to its plain and ordinary meaning" and will not "make a forced construction or a new contract for the parties." *Ass Kickin Ranch, LLC v. N. State Mut. Ins. Co.*, 2012 S.D. 73, ¶ 10, 822 N.W.2d 724, 727 (citations omitted). Because neither party argues that Dakota Fire's policy is ambiguous, the terms of the policy "cannot be enlarged or diminished by judicial construction." *Id.* (citations omitted). "The scope of coverage of an insurance policy is determined from the contractual intent and the objectives of the parties *as expressed in the contract.*" *Quinn v. Farmers Ins. Exch.*, 2014 S.D. 14, ¶ 16, 844 N.W.2d 619, 623 (citations omitted). An insurer seeking "to invoke a policy exclusion as a means of avoiding coverage . . . has the burden of proving that the exclusion applies." *Degen*, 2013 S.D. 29, ¶ 17, 829 N.W.2d at 478 (citations omitted).

### I. "Property you own, rent, or occupy" policy exclusion.

[¶8.] For purposes of this declaratory judgment action, Dakota Fire does not dispute that all conditions necessary to trigger coverage have been met.

Accordingly, our decision addresses only whether any policy exclusion applies.
Dakota Fire argues that the policy's "property you own, rent, or occupy" exclusion
applies to the property damage McNeil caused to his Shelby because the exclusion
applies to any property an insured (McNeil) owns, rents, or occupies. Harris Bank
argues the exclusion only applies to property the LLC owns, rents, or occupies. In
applying the plain and ordinary meaning to the words of the policy in light of the
circuit court's findings of fact, we agree with Harris Bank.

[¶9.]     The policy reads in pertinent part:

> Throughout this policy the words "you" and "your" refer to the
> Named Insured shown in the Declarations, and any other person
> or organization qualifying as a Named Insured under this policy.
> The words "we", "us" and "our" refer to the company providing
> this insurance. The word "insured" means any person or
> organization qualifying as such under Section II – Who is an
> Insured.

The exclusion Dakota Fire urges us to employ is the "property you own, rent, or
occupy" exclusion. The policy states:

> SECTION 1 – COVERAGES
>     . . . .
>     2. Exclusions
>         . . . .
>         j.  Damage to Property
>             "Property damage" to:
>             (1) Property you own, rent, or occupy, including any
>                 costs or expenses incurred by you, or any other
>                 person, organization or entity, for repair,
>                 replacement, enhancement, restoration or
>                 maintenance of such property for any reason,
>                 including prevention of injury to a person or
>                 damage to another's property[.]

[¶10.]    The policy plainly states that the term "you" only refers to the Named
Insured. As given by the policy's Declarations, the only Named Insured is J&J

McNeil, LLC. McNeil is not listed as a Named Insured in the policy's Declarations. Therefore, the "property you own, rent, or occupy" exclusion only refers to the LLC's property. The facts clearly dictate that the LLC did not own or rent McNeil's Shelby. Further, the circuit court found that McNeil, as an individual and not on behalf of the LLC, occupied the Shelby on the morning of the accident. Dakota Fire does not claim the circuit court made clearly erroneous findings of fact, and as a result, the exclusion does not apply.

[¶11.] Dakota Fire urges us to expand the policy's language to exclude coverage because the insured member that caused the damage did so to the member's own personal property. We decline to make such an interpretation. We are to give plain meaning and effect to the insurance contract language that governs this dispute. The plain meaning of the contract requires Dakota Fire to insure against damage to another's property if a member of the LLC caused the damage while conducting business for the LLC. As long as the member is conducting business for the LLC, coverage exists regardless of which member caused the damage. If Dakota Fire wished to exclude damage an insured caused to the insured's personal property while conducting business for the LLC, it could have done so. However, no such clause exists in the policy. As a result, Dakota Fire has not met its burden to prove that the "property you own, rent, or occupy" exclusion applies.[2]

---

2.    Dakota Fire further argues that if McNeil was operating a sole proprietorship, coverage would not exist. Even if Dakota Fire's claim is accurate, it is irrelevant. McNeil is not a sole proprietor but a member of the LLC.

## II. "Care, custody, or control" policy exclusion.

[¶12.] In addition, Dakota Fire argues that because McNeil is an insured and the Shelby was in his control when he moved it outside of the shed, Dakota Fire is not liable for the claim. In making its assertion, Dakota Fire relies on the following policy language:

> SECTION 1 – COVERAGES
> . . . .
>> 2. Exclusions
>> . . . .
>>> j. Damage to Property
>>> "Property damage" to:
>>> . . . .
>>> (4) Personal property in the care, custody or control of the insured[.]

However, Dakota Fire ignores the policy's distinction of when McNeil is an insured and when McNeil is not an insured.

[¶13.] In denying application of the "care, custody, or control" policy exclusion, the circuit court found that McNeil was acting in two different capacities on the morning of the accident. When McNeil was removing the car from his storage shed and parking it outside, the circuit court found he was acting as an individual in regards to his personal property. When he moved the scraper into the shed and backed out the scraper for mobilization, the circuit court found he was acting on behalf of the LLC. Although McNeil caused damage to his personal property, the circuit court found he did so while acting for the LLC.

[¶14.] The insurance policy is clear that a member is only an insured if the member is conducting business on behalf of the LLC. The policy reads:

> SECTION II – WHO IS AN INSURED
>> 1. If you are designated in the Declarations as:

> > . . .
> > c. A limited liability company, you are an insured.
> >    Your members are also insureds, but only with
> >    respect to the conduct of your business.

J&J McNeil, LLC is designated in the Declarations as an LLC. Accordingly, the LLC is an insured and so is McNeil, "but only with respect to the conduct of" the LLC. The circuit court found that all of McNeil's actions concerning the Shelby were made in his individual capacity, not in his capacity as an agent of the LLC. Consequently, the Shelby was never "in the care, custody, or control of the *insured*." Rather, the Shelby was at all times in the "care, custody, or control" of McNeil as an individual. In addition, the Shelby was damaged while McNeil was in control of the LLC's equipment, not his personal property. As a result, the policy exclusion does not apply. Dakota Fire concedes that "the facts are clear and undisputed." With no challenge to the circuit court's findings of fact, and adhering to the plain meaning of the insurance contract, we conclude the circuit court correctly declined application of the "care, custody, or control" policy exclusion.[3]

[¶15.]     Affirmed.

---

3.     Dakota Fire further claims that in order to hold the LLC liable, vicarious liability must be invoked, which requires that underlying liability must exist. Dakota Fire argues that no underlying liability exists "because McNeil obviously could not make a claim against himself," and therefore "should likewise be prevented from making a claim against the LLC when that claim is premised on his own negligent conduct." Aside from whether Dakota Fire's legal conclusions are accurate, Dakota Fire attempts to create an exclusion in the policy that does not exist. We are bound by the contract language and will not make such an expansion. *Ass Kickin Ranch*, 2012 S.D. 73, ¶ 10, 822 N.W.2d at 727 (citations omitted). In addition, the LLC "is a legal entity distinct from its members." SDCL 47-34A-201. Although McNeil was operating the scraper when the damage occurred, McNeil is not making a claim against himself, but rather a claim against the LLC for the LLC's actions.

#26827

[¶16.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.